IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN NOAKES | Case No. |
| PLAINTIFF, | Judge: |
| v. | |
| THE UNIVERSITY OF CINCINNATI, ET AL | MOTION FOR LEAVE TO PROCEED ANONYMOUSLY |
| DEFENDANTS | |

Plaintiff respectfully requests leave to proceed anonymously as "John Noakes."[1] The circumstances of this case are such that requiring Plaintiff to proceed under his name would disclose information of the utmost personal intimacy, including education records protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99.

**MEMORANDUM**

This Court has the discretion to allow a party to proceed anonymously under a pseudonym. *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x 423, 425 (6th Cir. 2001). Under the Sixth Circuit approach, in exercising its discretion, this Court is required to balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure. *Id.* Plaintiff acknowledges that there is a strong public policy in favor of public access to judicial proceedings, however Plaintiff suggests that this case falls within the exception that parties are permitted to proceed under

---

[1] Plaintiff has chosen the pseudonym "John Noakes" instead of the more commonly used "John Noakes" in order to avoid confusion with a prior case titled *Doe v. Univ. of Cincinnati,* 872 F.3d 393 (6th Cir. 2017). The pseudonym "John Noakes" was used in English Law. *See https://www.merriam-webster.com/dictionary/John-a-Nokes.* Counsel has used this alternative synonym in other cases. *See e.g. Noakes v. Case Western Reserve University et al,* N.D.Ohio No. 1:21-cv-01776; *Nokes [sic] v. Miami University et al,* S.D. Ohio 1:17-cv-00482; *Noakes v. Syracuse Univ.,* N.D.N.Y. No. 5:18-cv-00043.

1

pseudonyms only under certain circumstances that justify an exception to this policy. *Citizens for a Strong Ohio v. Marsh*, No. 04-3112, 123 F. App'x 630, at *636 (6th Cir. 2005).

The Sixth Circuit has stated that this Court should consider, among other factors, "whether prosecution of the suit will compel the [party] to disclose information of the utmost intimacy." *Id. quoting Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004). In this case, the disclosure of Plaintiff's name would forever associate him with allegations of sexual misconduct. As a result, Plaintiffs would suffer public embarrassment and irreparable harm to his future career and reputation. A number of courts have observed that allegations of sexual assault, in the school disciplinary context, could damage a student's reputation and career prospects. *Cf. Doe v. Cummins*, 662 F.App'x 437, 446 (6th Cir.2016) (a finding of responsibility by a school for sexual offenses will "have a substantial lasting impact on [students'] personal lives, educational and employment opportunities, and reputations in the community"); *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481, 494 (D.Md. 2015) ("The social stigma associated with a sexual assault [school disciplinary finding] is deservedly severe.").

Plaintiff emphasizes that he seeks to maintain the confidentiality of not only himself, but other students involved, including Jane Roe. Maintaining the confidentiality of Plaintiff and other students is consistent with federal policy as expressed by FERPA. This case involves school disciplinary records. The confidentiality of school disciplinary records has been well established. *See United States v. Miami Univ.*, 294 F.3d 797, 812 (6th Cir. 2002) (noting that Congress "intend[ed] to include student disciplinary records within the meaning of 'education records' as defined by the FERPA").

Defendant will not suffer any harm by permitting Plaintiff to proceed as a John Noakes, as Defendant is already aware of the identity of Plaintiff and has an obligation to maintain the confidentiality of educational records under FERPA.

A number of recent cases involve claims against schools alleging that the school violated Title IX. 20 U.S.C. § 1681(a). Many of these have been brought by plaintiffs granted leave to proceed as

"Jane Roes" or "John Does." *See Roe v. Dir., Miami Univ.*, S.D.Ohio No. 1:19-cv-136, 2019 U.S. Dist. LEXIS 55246, at *1 n. 1 (Apr. 1, 2019) (granting student leave to proceed anonymously in Title IX discipline case); *Doe v. College of Wooster*, 243 F. Supp. 3d 875, 896 n. 6 (N.D.Ohio 2017) (same); *Doe v. Rollins College*, M.D. Fla. No 6:18-cv-01069 (Doc#28) (October 2, 2018) ("requiring Plaintiff to disclose his true identity could cause the type of harm his complaint seeks to redress: harm to his reputation and future prospects based on a permanent, public link to these sexual assault allegations"); *Roe v. Adams-Gaston*, S.D.Ohio No. 2:17-cv-945, 2017 U.S. Dist. LEXIS 181930 (Nov. 2, 2017) ("Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings."); *Doe v. Univ. of Mississippi*, S.D.Miss. No. 3:18-cv-138, 2018 U.S. Dist. LEXIS 58972 (Apr. 6, 2018) (noting that student's "suit… requires the disclosure of intimate details relating to both himself and another individual, and centers upon an allegation that he committed a serious crime").

**Wherefore**, Plaintiff should be granted leave to proceed anonymously.

Respectfully submitted,

    /s/ Joshua A. Engel
Joshua Adam Engel (0075769)
Scott O'Reilly (0075717)
ENGEL AND MARTIN, LLC
4660 Duke Dr., Suite 101
Mason, OH 45040
(513) 445-9600
engel@engelandmartin.com

3