## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN NOAKES | Case No. |
| Plaintiff, | Judge: |
| v. | |
| THE UNIVERSITY OF CINCINNATI, et al. | AFFIDAVIT OF SCOTT O'REILLY |
| Defendants | |

Scott O'Reilly, being duly sworn on oath, does depose and state as follows:

1. I am a member in good standing of the Ohio Bar.  I am Of Counsel to Engel & Martin, LLC where I have represented both students accused of sexual misconduct and victims in school disciplinary proceedings.

2. I have significant experience in the investigation of allegations of sexual assault, including drug and alcohol facilitated sexual assault.  I previously served as an assistant prosecutor in the Clermont County Prosecutor's Office where I was prosecutor and supervisor for all child abuse and sexual assault cases.

3. I served as John Noakes's advisor during the disciplinary hearing at issue in this litigation.  have taught at the University of Cincinnati Police Academy and the University of Cincinnati.

4. On a number of occasions, John Noakes asked for the investigator in this case to attempt to obtain the alleged victim's complete medical records.  In my experience, the failure of the investigator to obtain the complainant's complete medical records from the SANE examination significantly prejudiced John Noakes in his ability to adequately and meaningfully defend himself during the

1

hearing. Complete medical records associated with a SANE examination are likely to obtain highly relevant evidence that is necessary for Plaintiff to prepare an adequate defense. It is a significant deviation from best investigative practices to conduct a review of allegations of sexual assault without seeking to obtain and review these records.

5. I am aware the UC does not have subpoena power and could not compel Jane Roe to provide her complete medical records. However, where relevant information is in the possession of Jane Roe and not produced, the Hearing Panel should either have drawn an adverse inference that the information would be harmful to her or prohibited Jane Roe from testifying about the results of her SANE examination. The failure to do either of these things made it difficult of John Noakes to meaningfully defend himself at the hearing.

6. John Noakes was prejudiced in his ability to defend himself because of the significant delays in this matter. I understand that UC became aware of the allegations against John Noakes in March 2022, but did not inform John Noakes until August 2022. In my experience as an attorney, a prompt investigation is more likely to lead to accurate and reliable findings because recollections are fresh and evidence is more readily available. It is well known in investigations of sexual assault that memories dim, witnesses become inaccessible, and evidence is lost. Even though some memories may have faded and some evidence lost between the incident and the initial report to UC, this problem was made worse by the failure of UC to initiate a timely investigation. As a result of the delay by UC in providing notice to John Noakes, memories continued to fade and John Noakes was prejudiced in his ability to obtain potentially exonerating physical evidence, such as video tapes, or relevant witnesses statements. All of this information may have been useful to John Noakes; by the time he was made aware of the allegations, it was too late to obtain this evidence.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of May 2023.

\_\_\_/s/ Scott O'Reilly_____
Scott O'Reilly