IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN NOAKES<br><br>PLAINTIFF,<br><br>v.<br><br>THE UNIVERSITY OF CINCINNATI, ET AL<br><br>DEFENDANTS | Case No.<br><br>Judge:<br><br>MOTION FOR EXPEDITED DISCOVERY |

Plaintiff John Noakes seeks an Order of this Court for limited expedited discovery in anticipation of a hearing on the Motion for a Preliminary Injunction. A proposed Order accompanies this Motion.

The discovery requested is only a small portion of the discovery that ultimately to be pursued in this case. The limited initial discovery sought is limited to documents related to the investigation and adjudication of the allegations of sexual misconduct lodged against John Noakes and a limited number of depositions to be conducted by videoconference. Plaintiff seeks:

(i) a transcript and copy of any recordings of the disciplinary/appeal hearings for John Noakes;

(ii) the investigative file and correspondence regarding the disciplinary investigation and proceedings for John Noakes;

(iii) any communications and contracts between UC and TNG Consulting regarding the disciplinary investigation and proceedings for John Noakes;

(iv) any communications and contracts between UC and INCompliance Consulting regarding the disciplinary investigation and proceedings for John Noakes;

1

(v)      all materials used to train the decision-makers the disciplinary investigation and proceedings for John Noakes that were not available on the UC website as required by 34 C.F.R. 106.45(b)(10)(i).

(vi)    The ability to take no more than five deposition by videoconference.

## MEMORANDUM

Plaintiff brought this action, *inter alia*, for violation of Title IX and his constitutional due process rights. Plaintiff seeks injunctive relief. In this case, UC decided to expel John Noakes after a female UC student, Jane Roe, alleged that John Noakes had engaged in non-consensual sexual activity. The police declined to pursue any charges. The matter was reported to the UC Office of Equity, which took no action for months before initiating a cursory and incomplete investigation followed by a biased and flawed[1] hearing conduct by paid consultants.

Expedited discovery is necessary to allow the Plaintiff to obtain information to present to the Court in support of the Motion for a Preliminary Injunction. Plaintiff does not have access to these essential materials. Courts have generally found that this constitutes "good cause" and have permitted expedited discovery for this purpose. *See e.g Russell v. Lumpkin,* S.D.Ohio No. 2:10-cv-00314, 2010 U.S. Dist. LEXIS 55243, at *5 (May 11, 2010) ("the requested discovery is limited and narrowly tailored to the issue central to Plaintiffs' requested injunctive relief"); *Meritain Health Inc. v. Express Scripts, Inc.*, No. 4:12-CV-266-CEJ, 2012 U.S. Dist. LEXIS 53827, at *2 (E.D. Mo.) ("Expedited discovery is generally appropriate in cases, such as this, where a party is attempting to prepare for a preliminary injunction hearing."); *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (ordering expedited discovery prior to hearing on preliminary injunction because it would "better enable the court to judge the parties' interests and respective chances for success on the merits"); *Ellsworth Assocs.,*

---

[1] A UC Appeals Panel acknowledged several procedural and compliance error in the process, but declined to order a new hearing.

*Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (noting that "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings.").[2]

This Court has permitted limited expedited discovery in advance of a hearing on a preliminary injunction by students in school discipline matters. *See Doe v. The Ohio State University*, S.D. Ohio No. 2:15-cv-02830 (Oct. 16, 2015) (Docket# 19; Opinion And Order Granting Motion To Expedite Discovery (Frost, J.)); *Doe v. University of Cincinnati*, S.D. Ohio No. 1:16-cv-00987 (Oct. 28, 2016) (Minute Entry; "ordering that defendants provide the recording/transcript of the disciplinary hearing at issue in this matter" (Barrett., J.)). The Northern District of Ohio has permitted expedited discovery in similar situations. *Noakes v. Case Western Reserve University*, N.D. Ohio No. 1:21-cv-0177 (Oct. 25, 2021)(Doc#25; "Discovery that is narrowly tailored to obtain information related to" disciplinary proceedings "would assist in deciding [Plaintiff's] Motion for Preliminary Injunction and would not be prejudicial to [the school]" (Barker, J.)).

The requested documents and depositions are necessary for the Court's consideration of the Motion for a Preliminary Injunction and are in the custody and control of Defendant. The burden of obtaining this evidence is slight, as they likely are maintained in a single investigative, and Plaintiff's educational records and/or are public records.

The Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. FERPA does not protect against the disclosure of these records. This Court has held that "federal law—namely FERPA—does not create an absolute privilege as to the release of education records." *Doe v. Ohio Hi-Point School Dist. Bd. of Edn.*, S.D.Ohio No. 2:20-cv-4798, 2022 U.S. Dist. LEXIS 230223, at *12

---

[2] "Rule 26(d) vests the district court with discretion to order expedited discovery." *Russell*, 2010 U.S. Dist. LEXIS 55243, at *3-4 (citations omitted).

(Dec. 21, 2022).  UC can comply with FERPA through redactions of personal identifying information in order to prevent the disclosure of information protected by FERPA consistent with Sixth Circuit law on this issue.  *United States v. Miami Univ.*, 294 F.3d 797, 824 (6th Cir. 2002) ( "Nothing in the FERPA would prevent the Universities from releasing properly redacted records.").  Alternatively, the parties can submit for the Court's approval a proposed protective Order.

**Wherefore,** this Court should Order expedited discovery to allow Plaintiff to obtain information in the possession of Defendants to present to the Court in support of the Motion for a Preliminary Injunction.

Respectfully submitted,

/s/ Joshua A. Engel
Joshua Adam Engel (0075769)
Scott O'Reilly (0075717)
ENGEL AND MARTIN, LLC
4660 Duke Dr., Suite 101
Mason, OH 45040
(513) 445-9600
engel@engelandmartin.com