# Exhibit 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| John Noakes <br> *Plaintiff* <br> v. <br> The University of Cincinnati, et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:23-cv-00284 |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Scott O'Reilly
Engel & Martin, LLC, 4660 Duke Drive, Suite 101, Mason, OH 45040

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202 | Date and Time: 08/24/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/18/2023

| *CLERK OF COURT* | OR | /s/ Dominick S. Gerace |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ashleigh Wade, University of Cincinnati, Alecia Trammer, Bleuzette Marshall, and Adrienne Lyles , who issues or requests this subpoena, are:
Dominick S. Gerace and Jada M. Colon, Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202; dgerace@taftlaw.com; jcolon@taftlaw.com; (513) 357-8785

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:23-cv-00284

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**INSTRUCTIONS**

1. Each document request shall operate and be construed independently and, unless otherwise indicated, no document request limits the scope of any other document request.

2. If you are unable to produce any of the requested documents after exercising due diligence to do so, please describe the efforts made to obtain the requested documents and specify the reasons for your inability to produce the requested documents. Should you object to any request in lieu of producing the requested documents, you must state the reason or reasons for your objection.

3. If you withhold information subject to these requests on the basis of a claim of privilege or other claim of protection, you must make such a claim expressly and support the claim with a description of the nature of the documents, communications, or things not produced.

4. In the event that you state that a document responsive to a request is no longer in your possession, custody, or control, you must identify the type of document, the subject matter and contents of the document, the date, author, addressee(s), and recipient(s) of the document, the date of destruction or loss of the document, the reason for destruction or loss of the document, and the identity of all persons believed to have a copy of the document or the original document.

**DEFINITIONS**

1. The words "you," "your," or "O'Reilly" means Scott O'Reilly and all of his agents, representatives, employees, and attorneys.

2. "Plaintiff" means Plaintiff ▓▓▓▓▓▓▓▓ (a/k/a John Noakes for purposes of the Litigation and Complaint) and all of his agents, representatives, employees, and attorneys.

3. "Litigation" means the above-captioned case pending in the United States District Court for the Southern District of Ohio, Case No. 1:23-cv-00284.

4. "Complaint" means the Verified Complaint and Jury Demand (Doc. 1) filed by Plaintiff in the Litigation.

5. "Jane Roe" means the UC student referenced in the Complaint.

6. "Title IX Proceeding" means the proceeding involving Plaintiff that is the subject of the Litigation and Complaint.

7. "Incident" means the incident involving Plaintiff and Jane Roe occurring on or about September 10, 2021, at the Sigma Alpha Epsilon house at 2707 Clifton Avenue, Cincinnati Ohio, from which the Title IX Proceeding, Complaint, and Litigation arise.

8. The words "person" or "persons" mean all natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, companies, estates, trusts, public agencies, departments, bureaus, boards, or other business entities or enterprises of any kind or nature, including predecessors and successors. The use of the singular shall be deemed to include the plural and the use of one gender shall include all others, as appropriate in the context of the particular Request.

9. The word "document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photostatic, recorded, electronic, computer generated or

otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, images, sounds or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings. Without limiting the generality of the foregoing, "document" includes, but is not limited to, all correspondence, electronically stored information, emails, text messages, social media communications, shared platform messages, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, plans, diagrams, instructions, minutes of meetings or other communications of any kind, including inter- and intra-office communications whether by electronic means or computer generated, questionnaires, and surveys, charts, graphs, photographs, phonograph recordings, films, tapes, discs, data cells, drums, printouts, all other data compilations from which information can be obtained (translated if necessary through detection devices into usable form), any preliminary versions, drafts of revisions or any of the foregoing and other writings or documents of whatever description or kind, whether produced or authored by you or anyone else, including non-identical copies of any of the foregoing.

10. The word "communication" means any documentary or non-documentary transmission of information and any manner or means of disclosure, statement, utterance, disclaimer, transmittal, transfer, or exchange of information, and includes without limitation any and all oral statements, telephone conversations, e-mails, social network or Internet postings,

discussions, conferences, or meetings, and memoranda, reports, records, accounts, or summaries of the foregoing, however informal or formal.

11. The term "relating to" means constituting or evidencing and directly or indirectly mentioning, describing, referring to, pertaining to, being connected with or reflecting upon the stated subject matter.

## **REQUESTS**

1. All communications between you and any of the following individuals or entities relating to the Title IX Proceeding or the Incident: (a) any defendant in the Litigation; (b) Harry Plotnick; (c) Sigma Alpha Epsilon or any member thereof; (d) any individual who testified during the Title IX Proceeding, including Jane Roe; (e) any individual who was a member of the hearing or appeals panel related to the Title IX Proceeding; (f) any individual who was interviewed in connection with the Title IX Proceeding; (g) TNG; (h) InCompliance; and (i) Anne Tamashasky.

2. All documents received by you from any of the following individuals or entities relating to the Title IX Proceeding or the Incident: (a) Harry Plotnick; (b) Sigma Alpha Epsilon or any member thereof; (c) any individual who testified during the Title IX Proceeding, including Jane Roe; (d) any individual who was a member of the hearing or appeals panel related to the Title IX Proceeding; (e) any individual who was interviewed in connection with the Title IX Proceeding; (f) TNG; (g) InCompliance; and (i) Anne Tamashasky.