IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN NOAKES, | : | Case No. 1:23-cv-00284 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | |
| | : | |
| THE UNIVERSITY OF CINCINNATI, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### JOINT MOTION FOR LEAVE TO FILE UNREDACTED COPIES OF DOCUMENTS UNDER SEAL

Plaintiff John Noakes and Defendants University of Cincinnati ("UC"), Alecia Trammer, Adrienne Lyles, Bleuzette Marshall, and Ashleigh Wade (the "Parties"), hereby request leave to file under seal certain documents that are subject to the Parties' Stipulated Protective Order (Doc. 14). The documents to be filed under seal are derived from students' "education records" protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. The documents will be filed in briefing relating to Plaintiff's Motion for Preliminary Injunction. A memorandum in support of this Motion follows. A proposed order is attached for the Court's convenience.

Respectfully submitted,

| | |
|---|---|
| */s/Joshua Adam Engel* (per email auth. 9/13/23) | */s/ Dominick S. Gerace* |
| Joshua Adam Engel (0075769) | Dominick S. Gerace (0082823) |
| Scott O'Reilly (0075717) | Jada M. Colon (0099048) |
| Engel and Martin, LLC | Taft Stettinius & Hollister LLP |
| 4660 Duke Dr. | 425 Walnut Street, Suite 1800 |
| Mason, Ohio 45040 | Cincinnati, Ohio 45202-3957 |
| Telephone: (513) 455-9600 | Telephone: (513) 381-2838 |
| engel@engelandmartin.com | Fax: (513) 381-0205 |
| soreilly@engelandmartin.com | dgerace@taftlaw.com |
| | jcolon@taftlaw.com |
| *Attorneys for Plaintiffs* | |
| | *Attorneys for Defendants* |

## **MEMORANDUM IN SUPPORT**

### I. Introduction

Plaintiff alleges that UC violated his Title IX and due process rights when he was expelled from UC for sexual misconduct. During the course of discovery in this lawsuit, UC produced numerous students' education records. In particular, UC produced education records of the student who accused Plaintiff of sexual misconduct and the students who were witnesses in the disciplinary hearing (the "Hearing") process. UC produced these records consistent with its obligations under federal student privacy laws, i.e., FERPA, 20 U.S.C. § 1232g, and also designated the records "Confidential" and covered by the parties' Stipulated Protective Order (Doc. 14).

As explained below, in order to protect the privacy of students identified in the documents, the Parties request that the Court grant them leave to file documents under seal. These student records are necessary to support the Parties' briefing relating to Plaintiff's Motion for Preliminary Injunction. The Parties also request that the Court grant them leave to file under seal the briefing relating to Plaintiff's Motion for Preliminary Injunction that reveals the contents of any of the aforementioned students' education records.

### II. Law and Argument

Under Federal Rule of Civil Procedure 5.2(d), "[t]he court may order that a filing be made under seal without redaction." Fed. R. Civ. P. 5.2(d).

A party seeking to seal records bears the burden of justifying non-disclosure of the records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). This burden consists of a showing that (1) the records contain information that courts will typically protect and (2) the records, if not sealed, will result in "a clearly defined and serious injury." *Id.* at 307-08.

1

Generally, "[i]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)" can overcome the presumption of access. *Id.* at 308 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)). Even when one or more of these forms of protectable information reside in the record, however, parties are not presumptively entitled to have "broad swaths" of the record sealed; instead, they must identify, "on a document-by-document, line-by-line basis," which portions of the record contain "specific information . . . [that] meets the demanding requirements for a seal." *Shane Grp.*, 825 F.3d at 308.

The Parties request that the Court grant the parties leave to file under seal certain deposition transcripts and exhibits, the Appeal request, the Appeal decision, and the recording of the Hearing. Such documents contain student "education records" as defined in federal law—namely FERPA, 20 U.S.C. § 1232g. The Parties also request that the Court grant the parties leave to file under seal briefing relating to Plaintiff's Motion for Preliminary Injunction that reveals the contents of any of the aforementioned documents. The Parties makes this request because UC has an obligation to protect student education records from public disclosure.

FERPA protects the privacy of a student's education records, and prohibits the disclosure of such records absent the student's consent. Specifically, FERPA prohibits educational institutions, like UC, from producing to third parties or otherwise making public a student's "personally identifiable information" that is contained in "education records," except in limited circumstances. 34 C.F.R. §§ 99.10, 99.30. "Personally identifiable information" includes a student's name as well as any indirect identifiers "that, alone or in combination, [are] linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal

knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3. "Education records" include any record that directly relates to the student and is maintained by educational institutions. 34 C.F.R. § 99.3. One exception under FERPA entitles an institution to disclose to the court a student's education records that are relevant for the institution "to defend itself" in a civil action brought by that student. 34 C.F.R. § 99.31(9)(iii)(B). However, this exception does not extend to disclosing to the court or to the public information of other students who are named or are identifiable but are not parties to a civil action. If UC discloses those students' personally identifiable information in violation of FERPA, it is subject to an enforcement action that can result in the loss of UC's federal funding. 34 C.F.R. § 99.67.

In this case, deposition transcripts and exhibits, the Appeal request, and the Appeal decision that may be cited contain the names and other personally identifiable information of certain UC students. The Hearing recording contains the testimony of UC students, the names and personally identifiable information of the UC students, discussion of UC students' education records, and more. In order to protect that personally identifiable information, and in accordance with obligations under FERPA, the Parties request that the Court grant them leave to file those documents and briefing relating to Plaintiff's Motion for Preliminary Injunction that reveals the contents of any of those documents under seal. More specifically, the Parties provide the following list of documents they are requesting to be filed under seal in their entirety, with a general description of the contents of each document that warrants the sealing:

1. **Plaintiff's Deposition and Accompanying Exhibits.** Plaintiff's deposition contains testimony and exhibits that refer to names and personally identifiable information of UC students throughout. Examples include the following:

    a. **Transcript Pages 30:21-25; 31:1-10.** These transcript pages contain testimony and references to the documents identified in Defendants' Exhibit 2.

    b. **Transcript Pages 13:16-18; 13:20-24, 14:15-17.** These transcript pages contain testimony and references to UC students.

3

    c. **Defendants' Exhibit 2.** Defendants' Exhibit 2 to Plaintiff's deposition is an email document contains the names and personally identifiable information of UC students and an attachment compilation of documents that were produced by Jane Roe to Plaintiff's fraternity, including a fraternity GroupMe messages containing the names of several UC students, a written statement of the allegations made by Jane Roe, and photos of Jane Roe.

    d. **Defendants' Exhibit 3**. Defendants' Exhibit 3 to Plaintiff's deposition is an email document that contains the names and personally identifiable information of UC students and discussion of UC students' education records.

    e. **Defendants' Exhibit 4.** Defendants' Exhibit 4 to Plaintiff's deposition is an email document that contains personally identifiable information of UC students and discussion of UC students' education records.

    f. **Defendants' Exhibit 5.** Defendants' Exhibit 5 to Plaintiff's deposition is the Final Investigative Report that contains interviews with UC students, the names and personally identifiable information of the UC students, discussion of UC students' education records, and a compilation of documents and evidence that were provided to the Hearing Panel for consideration.

2. **Morgan Shaw Deposition and Accompanying Exhibits.** Morgan Shaw's deposition contains testimony and exhibits that refer to names and personally identifiable information of UC students throughout. Examples include the following:

    a. **Transcript Pages 43:24; 44:1-5; 44:16-19; 45:6-16; 46:6-15; 47:4-5; 46:7-21; 48:2-24.** These transcript pages contain testimony and references to supportive measures received by a UC student.

    b. **Transcript Pages 95:12-15.** These transcript pages contain testimony and references to photos of Jane Roe.

    c. **Plaintiff's Exhibits 26-40:** Plaintiff's Exhibits 26-40 to Morgan Shaw's deposition are email documents that contain the names and personally identifiable information of UC students and discussion of UC students' education records.

3. **Joseph Vincent Deposition and Accompanying Exhibits.** Joseph Vincent's deposition contains testimony and exhibits that refer to names and personally identifiable information of UC students throughout. Examples include the following:

    a. **Transcript Pages 37:1-5; 40:6-8; 101:13-17, 19-22; 102:6-25; 103:1-3; 103:8-25; 104:1-25; 105:1-25; 106:1-11; 107:15-25; 119:10-25; 120:1-11.** These transcript pages contain testimony and references to the hearing outcome letter and Jane Roe's education records.

    b. **Plaintiff's Exhibits 2, 8, and 9.** Plaintiff's Exhibits 2, 8, and 9 to Joseph Vincent's deposition are draft and final hearing outcome letters that contain

4

information related to interviews with UC students, the names and personally identifiable information of the UC students, and discussion of UC students' education records.

   c. **Plaintiff's Exhibits 13 and 14.** Plaintiff's Exhibits 13 and 14 to Joseph Vincent's deposition are email documents that contain the names and personally identifiable information of UC students and discussion of UC students' education records.

4. **Scott O'Reilly Deposition and Accompanying Exhibits.** Scott O'Reilly's deposition contains testimony and exhibits that refer to names and personally identifiable information of UC students throughout. Examples include the following:

   a. **Transcript pages 47:10-15; 63:15, 68:5, 68:8; 68:14; 68: 19; 68:22-23; 75:12; 82:10-11; 82:14; 82:17-18; 82:23; 98:7; 98: 11; 98:17; 98:22; 99:1; 99:6; 99:8; 124:4-5.** These transcript pages contain the names and personally identifiable information of UC students.

   b. **Defendants' Exhibit 7.** Defendants' Exhibit 7 to Scott O'Reilly's deposition is a subpoena that contains the names and personally identifiable information of UC students and discussion of UC students' education records.

   c. **Defendants' Exhibits 8 and 9.** Defendants' Exhibits 8 and 9 to Scott O'Reilly's deposition are email documents that contain the names and personally identifiable information of UC students and discussion of UC students' education records.

5. **Dr. Bleuzette Marshall Deposition and Accompanying Exhibits.** Dr. Bleuzette Marshall's deposition contains testimony and exhibits that refer to names and personally identifiable information of UC students throughout. Examples include the following:

   a. **Transcript page 54:21.** This transcript page contains discussion of UC students' education records.

   b. **Plaintiff's Exhibits 17, 20, 21, and 22.** Plaintiff's Exhibits 17, 20, 21, and 22 to Dr. Marshall's deposition are email documents that contain the names and personally identifiable information of UC students and discussion of UC students' education records.

   c. **Plaintiff's Exhibit 19.** Plaintiff's Exhibit 19 to Dr. Marshall's deposition is the Final Investigative Report that contains interviews with UC students, the names and personally identifiable information of the UC students, discussion of UC students' education records, and a compilation of documents and evidence that were provided to the Hearing Panel for consideration.

6. **The Appeal request.** The Appeal request contains the restatement of interviews with UC students, the names and personally identifiable information of UC students, and discussion of UC students' education records.

7. **The Appeal Decision.** The Appeal Decision contains the restatement of interviews with UC students, the names and personally identifiable information of UC students, and discussion of UC students' education records.

8. **Hearing Recording.** This recording contains the testimony of UC students, the images of UC students, the names and personally identifiable information of the UC students, discussion of UC students' education records, and more.

For each of the above-listed documents, FERPA prohibits disclosure unless the Parties obtained the student's written consent. 34 C.F.R. § 99.30. The relevant students have not consented to the public disclosure of their education records, nor are the students a party to this action.

In sum, the above-listed documents amount to "education records" within the meaning of FERPA that contain sensitive and private information about students. Moreover, the exception to FERPA that authorizes an institution's disclosure of a student's personally identifiable information contained in education records when that student initiates a civil action against the institution does not apply in this case because the relevant students are not a party to this action. Therefore, to prevent FERPA-protected education records from being made part of the public record, the Parties respectfully requests the Court grant the parties leave to file the above-listed documents under seal. Additionally, the Parties request that the Court grant them leave to file under seal briefing relating to Plaintiff's Motion for Preliminary Injunction that reveals the contents of any of the aforementioned documents.

### III. Conclusion

The Parties respectfully request that this Court grant it leave to file under seal certain documents that are subject to the parties' Stipulated Protective Order (Doc. 14).

Respectfully submitted,

| | |
|---|---|
| */s/ Joshua Adam Engel* (per email auth. 9/13/23) | */s/ Dominick S. Gerace* |
| Joshua Adam Engel (0075769) | Dominick S. Gerace (0082823) |
| Scott O'Reilly (0075717) | Jada M. Colon (0099048) |
| Engel and Martin, LLC | Taft Stettinius & Hollister LLP |
| 4660 Duke Dr. | 425 Walnut Street, Suite 1800 |
| Mason, Ohio 45040 | Cincinnati, Ohio 45202-3957 |
| Telephone: (513) 455-9600 | Telephone: (513) 381-2838 |
| engel@engelandmartin.com | Fax: (513) 381-0205 |
| soreilly@engelandmartin.com | dgerace@taftlaw.com |
| | jcolon@taftlaw.com |
| *Attorneys for Plaintiffs* | |
| | *Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I certify that on September 13, 2023, I filed the foregoing using the Court's CM/ECF system, which will send electronic notice of such filing to all parties of record.

*/s/ Dominick S. Gerace*