# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JANE ROE, et al. | ) | Case No. 1:22-cv-00376 |
| | ) | |
| Plaintiffs, | ) | Judge Jeffrey P. Hopkins |
| | ) | |
| v. | ) | Magistrate Judge Karen L. Litkovitz |
| | ) | |
| UNIVERSITY OF CINCINNATI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNIVERSITY OF CINCINNATI'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure University of Cincinnati ("UC") serves upon Plaintiffs, Jane Roe and Karen Soe ("Plaintiffs"), its objections and responses to Plaintiffs' First Set of Requests for Admission ("Requests") as follows:

## GENERAL OBJECTIONS

1. UC objects to the Requests, and the related definitions and instructions, to the extent they seek to impose requirements beyond those required by Rules 26 and 36 of the Federal Rules of Civil Procedure, the Court's Local Rules, and/or the Orders of the Court.

2. UC objects to the Requests to the extent they seek information protected from discovery by the attorney work product doctrine, attorney-client privilege, self-critical analysis privilege and/or any other applicable privilege.

3. UC objects to the Requests to the extent they are overly broad, unduly burdensome, oppressive, would subject UC to undue expense, seek information not in the possession or control of UC and/or are harassing, unreasonably cumulative or duplicative, vague, ambiguous, or are obtainable from some other source that is more convenient, less burdensome, or less expensive.

4. UC objects to the Requests to the extent they are not relevant to the claims and defenses in this matter. In particular, UC objects to Requests that seek information unrelated to the allegations, claims, time period, and parties at issue in this matter.

5. UC objects to the Requests to the extent the burden of responding is not proportional to the needs of the case under Rule 26 of the Federal Rules of Civil Procedure.

6. UC objects to any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests. UC's responses are not intended to indicate that UC agrees with or accepts any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests.

7. UC objects to the Requests to the extent they are not reasonably limited in time or scope.

8. UC objects to the Requests to the extent they assume facts not in evidence.

9. UC objects to the Requests to the extent they limit or suggest a response.

10. No response or objection stated herein shall be deemed an admission that the information requested is relevant to the subject matter of this lawsuit; and/or is admissible evidence in this case, including, but not limited to, at any hearing or the trial of this matter. UC reserves the right to challenge the relevance, materiality, authenticity, admissibility and/or use of any of the information or documents produced in response to the Requests, for any purposes other than discovery, including, but not limited to, at any hearing or the trial of this matter.

11. UC objects to plaintiffs' definition of "Formal Complaint" on the grounds that it is vague and ambiguous as to which policy or policies plaintiffs' refer to as "the UC Title IX Policy"; further, UC objects that plaintiffs' definition of "Formal Complaint" mischaracterizes the relevant policies governing the incidents alleged in plaintiffs' Amended Complaint.

12. UC objects to plaintiffs' definition of "Sexual Misconduct" as overly broad and encompassing conduct not at issue in this matter.

13. UC reserves the right to supplement these answers and objections in accordance with the provisions of Rule 26 of the Ohio Rules of Civil Procedure.

## ANSWERS AND SPECIFIC OBJECTIONS TO REQUESTS

**REQUEST NO. 1:** CCM does not have an "intimacy policy," defined as a policy regarding scenes or productions requiring physical or imaginative touch, simulated sexuality, or simulated sexual violence between performers as a moment of theatrical intimacy, including physical touch in the dance studio and during productions.

**RESPONSE:** UC objects to this Request as vague and ambiguous in that plaintiffs have failed to define what they mean by the terms and/or phrases "CCM," "policy," "scenes," "productions," and "physical or imaginative touch." UC also objects to this Request in that plaintiffs have failed to state the time period to which they refer. UC additionally objects to this Request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including that it seeks discovery unrelated to plaintiffs' Title IX claims and/or unrelated to the UC College-Conservatory of Music's ("CCM") ballet program.

Subject to its general and specific objections, and subject to the protective order, UC admits that, at all times relevant to this matter, CCM did not adopt a policy as described in this Request separate from already existing UC policies. UC states that the text of its policies speak for themselves, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription, of the policies. UC denies any remaining matters contained in this Request.

**REQUEST NO. 2:** UC has a policy of not providing copies of Formal Complaints of sexual misconduct to respondents during an investigation.

**RESPONSE:** UC objects to this Request as vague and ambiguous in that plaintiffs have failed to define what they mean by the term "policy." UC also objects to this Request in that plaintiffs have failed to state the time period to which they refer. UC additionally objects to this Request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including that it seeks discovery unrelated to plaintiffs' Title IX claims and/or the investigation related to John Doe.

Subject to its general and specific objections, and subject to the protective order, UC denies that, at all times relevant to this matter, it had a policy of not providing copies of Formal Complaints of sexual misconduct to respondents during an investigation.

**REQUEST NO. 3:** UC has a practice of not providing copies of Formal Complaints of sexual misconduct to respondents during an investigation.

**RESPONSE:** UC objects to this Request as vague and ambiguous in that plaintiffs have failed to define what they mean by the terms and/or phrases "practice." UC also objects to this Request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including that it seeks discovery unrelated to plaintiffs' Title IX claims and/or the investigation related to John Doe.

Subject to its general and specific objections, and subject to the protective order, UC denies that, at all times relevant to this matter, it had a practice of not providing copies of Formal Complaints of sexual misconduct to respondents during an investigation.

**REQUEST NO. 4:** As a rule of practice UC does not provide copies of Formal Complaints of sexual misconduct to respondents during an investigation.

**RESPONSE:** UC objects to this Request as vague and ambiguous in that plaintiffs have failed to define what they mean by the phrase "rule of practice." UC also objects to this Request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including that it seeks discovery unrelated to plaintiffs' Title IX claims and/or the investigation related to John Doe.

Subject to its general and specific objections, and subject to the protective order, UC denies that, at all times relevant to this matter, it had a rule of practice to not provide copies of Formal Complaints of sexual misconduct to respondents during an investigation.

**REQUEST NO. 5:** A formal complaint of sexual misconduct is an internal document that UC uses to make an assessment and then to craft the notice letter and, as a matter of policy and practice, is not provided to respondents.

**RESPONSE:** UC objects to this Request as vague and ambiguous in that plaintiffs have failed to define what they mean by the terms and/or phrases "formal complaint," "internal document," "assessment," "craft," "notice letter," or "a matter of policy and practice." UC also objects to this Request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including that it seeks discovery unrelated to plaintiffs' Title IX claims and/or the investigation related to John Doe.

Subject to its general and specific objections, and subject to the protective order, UC denies this Request. UC states Formal Complaints are confidential educational records under the Family Educational Rights and Privacy Act ("FERPA") that form the basis for the Office of Equal

5

Opportunity, formerly known as the Office of Gender Equity and Inclusion ("OGEI"), to initiate the formal grievance process and that, at all times relevant to this matter as a matter of policy and practice, such Formal Complaints were provided to respondents.

**REQUEST NO. 6:** UC treats Formal Complaint documents as confidential and copies of formal complaints are not provided to respondents as a rule of practice.

**RESPONSE:** UC objects to this Request as vague and ambiguous in that plaintiffs have failed to define what they mean by the phrases "formal complaints" or "rule of practice." UC also objects to this Request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including that it seeks discovery unrelated to plaintiffs' Title IX claims and/or the investigation related to John Doe.

Subject to its general and specific objections, and subject to the protective order, UC admits that Formal Complaints are confidential educational records under FERPA, but denies that, at all times relevant to this matter, it had a rule of practice to not provide respondents with copies of Formal Complaints. UC denies any remaining matters contained in this Request.

**REQUEST NO. 7:** The official position of the University of Cincinnati is that if a Respondent receives a copy of a Formal Complaint prior to the completion of the investigation they would be less likely to come in to interview and/or not be as open in an interview in sharing information.

**RESPONSE:** UC objects to this Request as vague and ambiguous in that plaintiffs have failed to define what they mean by the phrase "official position." UC also objects to this Request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of

admissible evidence, and not proportional to the needs of this case, including that it seeks discovery unrelated to plaintiffs' Title IX claims and/or the investigation related to John Doe.

Subject to its general and specific objections, and subject to the protective order, UC denies this Request.

**REQUEST NO. 8:** The official position of the University of Cincinnati is that providing a copy of a Formal Complaint to the Respondent prior to the completion of the investigation makes it more likely that the Respondent may then only tailor the response based off of whatever is written in that particular document and not share the totality of what he may have seen, heard, witnessed, or experienced.

**RESPONSE:** UC objects to this Request as vague and ambiguous in that plaintiffs have failed to define what they mean by the phrase "official position." UC also objects to this Request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including that it seeks discovery unrelated to plaintiffs' Title IX claims and/or the investigation related to John Doe.

Subject to its general and specific objections, and subject to the protective order, UC denies this Request.

**REQUEST NO. 9:** CCM faculty in dance classes have the authority to remove students from classes, assign appropriate alternative partnering and educational opportunities, and take other steps designed to protect female dancers at CCM from sexual misconduct.

**RESPONSE:** UC objects to this Request as vague and ambiguous in that plaintiffs have failed to define what they mean by the terms and/or phrases "CCM," "authority," or "appropriate alternative partnering and educational opportunities." UC also objects to this Request to the extent it exceeds the scope of Rule 36(a)(1)(A) of the Federal Rules of Civil Procedure by seeking a pure conclusion

7

of law, without any reference to specific facts, the application of law to fact, or opinions about either.

Subject to its general and specific objections, and subject to the protective order, UC denies this Request. UC states that CCM faculty have authority to manage the classes they teach, including the students in their classes, but only subject to UC policies. UC states that the text of its policies speak for themselves, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription, of the policies. UC denies any remaining matters contained in this Request.

**REQUEST NO. 10:** CCM faculty in dance classes have the authority to monitor student interactions and instruct on proper behavior and boundaries.

**RESPONSE:** UC objects to this Request as vague and ambiguous in that plaintiffs have failed to define what they mean by the terms and/or phrases "CCM," "authority," "monitor," "student interactions," "instruct," "proper behaviors," or "boundaries." UC also objects to this Request to the extent it exceeds the scope of Rule 36(a)(1)(A) of the Federal Rules of Civil Procedure by seeking a pure conclusion of law, without any reference to specific facts, the application of law to fact, or opinions about either.

Subject to its general and specific objections, and subject to the protective order, UC denies this Request.  UC states that CCM faculty are responsible for managing the classes they teach, including the students in their classes, but only subject to UC policies. UC states that the text of its policies speak for themselves, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription, of the policies. UC denies any remaining matters contained in this Request.

**REQUEST NO. 11:** CCM faculty in dance classes have the authority to discipline students and prevent and correct known sexual misconduct.

**RESPONSE:** UC objects to this Request as vague and ambiguous in that plaintiffs have failed to define what they mean by the terms and/or phrases "CCM," "authority," "discipline," "prevent and correct" and "known." UC further objects to this Request to the extent it exceeds the scope of Rule 36(a)(1)(A) of the Federal Rules of Civil Procedure by seeking a pure conclusion of law, without any reference to specific facts, the application of law to fact, or opinions about either.

Subject to its general and specific objections, and subject to the protective order, UC denies this Request. UC states that CCM faculty are responsible for managing the classes they teach, including the students in their classes, but only subject to UC policies. UC states that the text of its policies speak for themselves, and denies any incomplete or non-contextual characterization or description, and any misstatement, mischaracterization or misdescription, of the policies. UC denies any remaining matters contained in this Request.

**REQUEST NO. 12:** One or more UC employees (including staff, faculty, and adjunct faculty) were aware, prior to his admission to UC, that John Doe had been accused of sexual misconduct by other female dancers at Cincinnati Ballet.

**RESPONSE:** UC objects to this Request as vague and ambiguous in that plaintiffs have failed to define what they mean by the term "admission" or identify which UC employee(s) to which this Request relates. UC also objects to this Request in that plaintiffs have failed to state the time periods to which they refer, including the time period when persons were allegedly UC employees and when any such persons allegedly had awareness of allegations against John Doe related to the Cincinnati Ballet, which is separate from UC. UC additionally objects to this Request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of

9

admissible evidence, and not proportional to the needs of this case, including that it seeks discovery beyond the knowledge of appropriate persons at UC responsible for responding to alleged violations of Title IX.

Subject to its general and specific objections, and subject to the protective order, UC denies that any UC employees involved in the decision to admit John Doe to UC were aware, prior to John Doe's admission to UC, that John Doe had been accused of sexual misconduct by any female dancer at Cincinnati Ballet. UC additionally states it has made reasonable inquiry but the information presently known and readily obtainable to UC is insufficient to enable UC to either admit or deny any remaining matters contained in this Request at this time.

**REQUEST NO. 13:** One or more UC employees (including staff, faculty, and adjunct faculty) were aware, prior to his admission to UC, that John Doe had been accused of inappropriately touching dance partners during classes or practices.

**RESPONSE:** UC objects to this Request as vague and ambiguous in that plaintiffs have failed to define what they mean by the terms and/or phrases "admission" and "inappropriately touching" or identify which UC employee(s) to which this Request relates. UC also objects to this Request in that plaintiffs have failed to state the time periods to which they refer, including the time period when persons were allegedly UC employees and when any such persons allegedly had awareness of allegations against John Doe. UC additionally objects to this Request as being overly broad and seeking information that is not relevant, not designed to lead to the discovery of admissible evidence, and not proportional to the needs of this case, including that it seeks discovery beyond the knowledge of appropriate persons at UC responsible for responding to alleged violations of Title IX.

10

Subject to its general and specific objections, and subject to the protective order, UC denies that any UC employees involved in the decision to admit John Doe to UC were aware, prior to John Doe's admission to UC, that John Doe had been accused of inappropriately touching any dance partner during classes or practices. UC additionally states it has made reasonable inquiry but the information presently known and readily obtainable to UC is insufficient to enable UC to either admit or deny any remaining matters contained in this Request at this time.

        Respectfully submitted,

        DAVE YOST
        ATTORNEY GENERAL OF OHIO

        By: /s/*Michael H. Carpenter*
        Michael H. Carpenter (0015733) (Trial Attorney)
        Timothy R. Bricker (0061872)
        Michael N. Beekhuizen (0065722)
        David J. Barthel (0079307)
        Michael B. Rogers (0098948)
        CARPENTER LIPPS LLP
        280 Plaza, Suite 1300
        280 North High Street
        Columbus, OH 43215
        Phone: (614) 365-4100
        Fax: (614) 365-9145
        E-mail: carpenter@carpenterlipps.com
              bricker@carpenterlipps.com
              beekhuizen@carpenterlipps.com
              barthel@carpenterlipps.com
              rogers@carpenterlipps.com

        Special Counsel for Defendant
        University of Cincinnati

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on January 15, 2025, via electronic mail upon the following:

>Joshua Adam Engel
>Scott O'Reilly
>ENGEL AND MARTIN, LLC
>4660 Duke Dr., Suite 101
>Mason, OH 45040
>engel@engelandmartin.com
>soreilly@engelandmartin.com

>/s/*Michael H. Carpenter*
>Michael H. Carpenter
>
>One of The Attorneys for
>Defendant University of Cincinnati