**IN THE COURT OF COMMON PLEAS**
**HAMILTON COUNTY OHIO**

| | | |
|---|---|---|
| **JOHN NOAKES,** | : | **Case No. A2304084** |
| **Plaintiff,** | : | **Judge Alison Hatheway** |
| v. | : | |
| **THE UNIVERSITY OF CINCINNATI,** | : | |
| **Defendant.** | : | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR EVIDENTIARY HEARING**

Plaintiff offers no valid reason why this Court should reconsider its denial of his motion for preliminary injunction. Plaintiff does not identify a clear error of law made by this Court. In fact, Plaintiff fails to engage with this Court's reasoning altogether. The Court should deny Plaintiff's motion for reconsideration because the Court correctly decided that Plaintiff failed to establish the irreparable injury required to justify preliminary injunctive relief.[1]

## FACTS

Plaintiff, an Ohio resident, was a student at the University of Cincinnati ("UC") who was expelled in May 2023 for sexual misconduct following a hearing and appeal. (Compl. at ¶ 4).[2] On March 30, 2022, UC's Office of Gender Equity & Inclusion ("OGEI") received an online report from the Assistant Director of Fraternity and Sorority Life. (*Id.* at ¶ 54). The report indicated that Jane Roe,

---

[1] Plaintiff originally requested both a preliminary injunction and temporary restraining order, but he does not seek reconsideration of this Court's denial of his request for a temporary restraining order. Accordingly, UC addresses here only Plaintiff's request for reconsideration of the denial of his motion for preliminary injunction.

[2] For purposes of this Opposition, the facts alleged in the Complaint are taken here as true.

1

another student at UC, had alleged that Plaintiff sexually assaulted her during a fraternity party held on September 10, 2021. (*Id.*).

On July 26, 2022, Jane Roe submitted a formal complaint to OGEI containing the sexual assault allegation against Plaintiff ("Formal Complaint"). (*Id.* at ¶ 58). On July 28, 2022, OGEI Investigator Morgan Shaw ("Investigator Shaw") met with Jane Roe to discuss the Formal Complaint. (*Id.* at ¶ 59). On August 18, 2022, Investigator Shaw provided Plaintiff with a Notice of Commencement of OGEI Investigation ("Notice"). (*Id.* at ¶ 60). The Notice informed Plaintiff that "[t]he Formal Complaint alleges that on September 10, 2021, at approximately 11:49pm, at 2707 Clifton Ave. . . . [Plaintiff] engaged in vaginal intercourse with [Jane Roe] without [Roe's] consent." (*Id.*).

Thereafter, Investigator Shaw conducted an investigation that included interviews of Jane Roe, Plaintiff, and nine witnesses. (*Id.* at ¶¶ 63, 69, 71, 73, 74, 76, 78-80, 83, 84, 86). During the investigation, Investigator Shaw sent weekly emails to Plaintiff informing him that the investigation was ongoing. (*Id.* at ¶¶ 68, 72, 75, 77, 81, 82, 85, 87). Following the investigation, on November 10, 2022, Investigator Shaw provided Plaintiff with a draft investigative report. (*Id.* at ¶ 90). On November 22, 2022, and December 12, 2022, Plaintiff submitted responses to the report. (*Id.* at ¶¶ 90, 91).

On January 10, 2023, Plaintiff was informed that the matter had been referred for a hearing. (*Id.* at ¶ 93). Plaintiff appeared at a hearing on February 20, 2023. (*Id.* ¶ at 97). On March 23, 2023, Plaintiff was notified that the Hearing Panel found him responsible for violating UC's Title IX Sexual Harassment Policy and determined that Plaintiff should be expelled from UC. (*Id.* at ¶ 98). On March 30, 2023, Plaintiff appealed the Hearing Panel's decision. (*Id.* at ¶ 104). On May 5, 2023, the Appeals Panel denied Plaintiff's appeal. (*Id.* at ¶ 108).

After filing a federal lawsuit based on the same circumstances, Plaintiff filed this lawsuit on September 25, 2023, alleging that UC violated R.C. § 111.15 by failing to follow certain rule-making

2

procedures for its Title IX Policy and that the discipline imposed by UC was delayed contrary to certain UC policies. (*Id.* at ¶¶ 120, 139). In the Complaint, Plaintiff describes the harm he suffered as a result of UC's alleged procedural violations:

> John Noakes was expelled from UC. As a result, John Noakes has been denied the benefits of education at his chosen school. His academic and professional reputations have been damaged, as has his ability to enroll at other institutions of higher education and to pursue a career. John Noakes's damages include diminished earnings capacity, lost career and business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, and mental and emotional anguish and distress.

(*Id.* at ¶ 109).

## ARGUMENT

### I. Standard of Review

The denial of a motion for preliminary injunction is an interlocutory order. *Obringer v. Wheeling & Lake Erie Ry. Co.*, 3d Dist. Crawford No. 3-09-08, 2010-Ohio-601, ¶ 17 ("Preliminary injunctions are by nature interlocutory, tentative, and impermanent."). A trial court has authority under common law and Rule 54(B) of the Ohio Rules of Civil Procedure to reconsider an interlocutory order prior to final judgment. *Carlson v. City of Cincinnati*, 1st Dist. Hamilton No. C-190631, 2020-Ohio-4685, ¶ 34. "Civ.R. 54(B) allows for a reconsideration or rehearing of interlocutory orders that are not yet subject to appeal as it states that such orders are subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *White Stag Aircraft Leasing U.S. LLC v. JP Morgan Chase Bank, N.A.*, 2021-Ohio-1245, 171 N.E.3d 763, ¶ 26 (7th Dist.) (internal quotations omitted). There are three grounds for reconsidering an interlocutory order: (1) to account for new evidence; (2) to correct a clear error of law; or (3) to accommodate a change in circumstances. *Murphy v. Murphy*, 1st Dist. Hamilton No. C-130229, 2014-Ohio-656, ¶ 20.

3

## II. Plaintiff Has Failed to Demonstrate that the Court Committed a Clear Error of Law.

Plaintiff does not argue for reconsideration based on new evidence or a change in circumstance. Instead, Plaintiff appears to argue that this Court's denial of his motion for preliminary injunction is based on a clear error of law. Specifically, Plaintiff asserts that this Court erred by: (1) deciding the motion without a hearing; and (2) finding that Plaintiff failed to demonstrate that he will suffer irreparable injury without preliminary injunctive relief. For the reasons stated below, neither argument should lead the Court to reconsider its decision.

### A. The Court Did Not Err by Denying the Motion for Preliminary Injunction Without a Hearing.

Although it may be "customary" to have a preliminary injunction hearing, *Executive Mgt. Servs., Inc. v. Cincinnati State Tech. & Cmty.ty Coll.*, 10th Dist. Franklin No. 11AP-600, 2011-Ohio-6767, ¶ 8, it is not mandatory. "Ohio courts have recognized that, except where a temporary restraining order has been issued, Civ. R. 65 does not expressly require a hearing on a motion for a preliminary injunction." *Danziger v. Rieman*, 2020-Ohio-216, 143 N.E.3d 570, ¶ 19 (6th Dist.) (citing *Executive*, 2011-Ohio-6767 at ¶ 8).

In determining whether a preliminary injunction hearing is appropriate, "the trial court must exercise its discretion, assess the nature of the allegations and circumstances, and determine whether a hearing is warranted for that particular motion for preliminary injunction." *Danziger*, 2020-Ohio-216 at ¶ 20. A court only abuses its discretion in denying a motion for a preliminary injunction without a hearing where the motion on its face appears meritorious. *Executive*, 2011-Ohio-6767, ¶ 10.

The Court correctly denied the motion for preliminary injunction without a hearing because the motion is defective on its face. As explained further below, the Court properly held that Plaintiff failed to show that he will suffer irreparable injury, an essential element for a preliminary

4

injunction. While Plaintiff discusses cases holding that it was an abuse of discretion for a trial court not to hold a hearing, he ignores cases where courts have held the opposite—that it is proper to deny a motion for a preliminary injunction without a hearing when, based on the facts alleged, a plaintiff has failed to demonstrate one of the requirements for obtaining preliminary injunctive relief. *E.g.*, *Danziger*, 2020-Ohio-216 at ¶ 20 (the trial court did not abuse its discretion in denying the motion without a hearing since the party seeking the preliminary injunction failed to demonstrate a substantial likelihood of success on the merits); *Ridenour v. Wilkinson*, 2007-Ohio-5965 ¶¶ 49-50 (10th Dist.) (hearing not required on motion for preliminary injunction and even if it was, an error in that regard would be harmless because Plaintiff could not demonstrate likelihood of success on the merits, irreparable injury, or service of public interest).

That circumstance is present here. The Court has properly concluded that Plaintiff, on the facts alleged, has failed to demonstrate irreparable injury. For this reason, the Court did not abuse its discretion in denying the motion without a hearing.[3]

---

[3] Additionally, as demonstrated in UC's recently filed Motion to Dismiss, Plaintiff also cannot demonstrate a substantial likelihood of success on the merits here because neither of his claims is cognizable under the Ohio Declaratory Judgment Act, UC's Title IX Sexual Harassment Policy is not a "rule" as defined in R.C. § 111.15, and Plaintiff has failed to allege any facts demonstrating that UC violated either its Student Code of Conduct or its Title IX Policy with respect to the resolution of Plaintiff's Title IX proceeding. Moreover, granting a preliminary injunction would also result in harm to others. First, consider the harm to Jane Roe. An alleged victim has a right to attend UC without fear of sexual assault or harassment. *Roe v. Dir., Miami Univ.*, No. 1:19-cv-136, 2019 U.S. Dist. LEXIS 55246, at *23 (S.D. Ohio Apr. 1, 2019). A preliminary injunction would entitle Plaintiff to return to campus, which could place him in close proximity to the alleged victim and interfere with her rights. *Id*. Jane Roe is entitled to a learning environment free from disruption. Next, consider the harm to UC. A university should be afforded a level of deference in their disciplinary decisions and processes. *Marshall v. Ohio Univ.*, No. 2:15-cv-775, 2015 U.S. Dist. LEXIS 31272, at *27 (S.D. Ohio Mar. 13, 2015). Issuing a preliminary injunction would interfere with UC's ability to enforce its disciplinary standards, which would not be in the public interest. *Dir., Miami Univ.*, 2019 U.S. Dist. LEXIS 55246 at *24-25.

### B. The Court Did Not Err in its Determination that Plaintiff Has Failed to Demonstrate the Irreparable Injury Necessary for Preliminary Injunctive Relief.

Plaintiff's motion for reconsideration must be denied because the Court correctly held that Plaintiff failed to demonstrate irreparable injury. The Court stated in its order that "Mr. Noakes fails to offer any other evidence to show that without injunctive relief he will suffer irreparable injury during the pendency of this litigation." (*Entry* at 3). That determination is correct notwithstanding Plaintiff's arguments to the contrary.

Plaintiff argues that the Court should reconsider its decision because "harm to reputation is irreparable," and cites cases for that proposition. But Plaintiff's argument misses the point of the Court's decision. A preliminary injunction is a "temporary injunction issued before or during trial to prevent an irreparable injury from occurring before the court has a chance to decide the case." *England v. 116 West Main LLC*, 2023-Ohio-3086, ¶ 21 (2d Dist.) (citing *Black's Law Dictionary* (11th Ed.2019)). To obtain a preliminary injunction, then, Plaintiff must show that he will suffer an irreparable injury if the Court does not grant a preliminary injunction now.

While Plaintiff spends much time discussing cases where courts have held that harm to reputation can be irreparable, he fails to engage with this Court's actual reason for denying his motion. The Court correctly concluded that Plaintiff is not entitled to *preliminary* relief because he has not shown that he will suffer an irreparable injury. This is true for three reasons.

First, Plaintiff himself has alleged that the "harm" that he relies upon for requesting preliminary relief already has occurred. Plaintiff states in his complaint that "[h]is academic and professional reputations have been damaged, as has his ability to enroll at other institutions of higher education and to pursue a career." (Compl. at ¶ 109). Further, in his motion, he states that "[e]ven if Plaintiff ultimately prevails on the merits, when asked to explain why he transferred schools or

6

delayed applying to graduate school, a truthful explanation would seriously hinder his prospects." (Mot. for Reconsideration at 7) (internal quotations omitted).

This, as expressed in Plaintiff's own words, is the status quo.[4] And if that is the case, Plaintiff cannot possibly establish that he is entitled to preliminary relief. Indeed, Plaintiff cannot claim that he will suffer irreparable injury between now and resolution of this case absent a preliminary injunction when, according to Plaintiff, the damage to his reputation has already been done. The Court correctly concluded the same.

Second, Plaintiff protests that he "will have to explain the circumstances behind his expulsion to future employers or graduate schools," but that harm is not imminent. (Mot. for Reconsideration at 6). *See, e.g.*, *Total Quality Logistics, LLC v. Tucker, Albin and Associates*, 2022-Ohio-1802, 2022 WL 1741059 at ¶ 27 (a movant's failure to show it is facing imminent and irreparable harm can, by itself, justify the denial of injunctive relief without consideration of the other three factors).

Plaintiff makes no effort to explain why he needs preliminary relief to remedy this potential (and speculative) future event. For good reason. Injunctive relief is meant to stop a defendant who "is *about to commit an act* which will produce immediate and irreparable harm for which no adequate legal remedy exists." *Hack v. Sand Beach Conservancy Dist.*, 176 Ohio App.3d 309, 2008-Ohio-1858, 891 N.E.2d 1228, ¶ 24 (6th Dist.) (emphasis added). As the Court noted, Plaintiff has already been expelled from UC. Consequently, injunctive relief would not stop UC from committing that act.

---

[4] Plaintiff's motion for reconsideration spends several pages discussing the meaning of "status quo" in the context of Title IX cases and asserts that this Court's decision results in a "Catch-22." This discussion is inapposite. The Court's order denying the motion for preliminary injunction was based on its conclusion that Plaintiff failed to establish that he will suffer irreparable injury without preliminary injunctive relief. As discussed herein, that conclusion is unquestionably correct under the facts of this case, as pled by the Plaintiff. Accordingly, contrary to Plaintiff's suggestion, this Court's decision will in no way prevent future plaintiffs from obtaining preliminary relief where they have adequately pled the risk of an irreparable injury.

7

Third, while Plaintiff argues that the Court failed to consider his argument that UC inflicted reputational harm upon him, the Court did no such thing. The Court acknowledged the holding in *Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2017), that "school discipline constitutes irreparable harm because of the risk of damage to a student's academic professional reputations and the adverse effect on a student's ability to enroll at other institutions of higher education and to pursue a career." (*Entry* at 3). But the Court distinguished this case from *Doe* because the plaintiff there "had not yet been disciplined by UC and he was seeking an injunction to prevent UC from disciplining him during the pendency of the litigation." (*Entry* at 3). And Plaintiff incorrectly argues that the Court has misread Doe in this respect. In *Doe*, UC suspended a student for one year, after a hearing panel and appeals panel found him responsible for sexual assault, in violation of UC's policies. 223 F. Supp. 3d 704, 709 (S.D. Ohio 2016). The suspension was to begin on December 10, 2016. *Id.* The District Court granted plaintiff's motion for a preliminary injunction on November 30, 2016, prior to his suspension, holding that the plaintiff would suffer future, irreparable harm without an injunction. *Id.* at 712. Accordingly, as this Court correctly identified, unlike the situation in *Doe*, Plaintiff's expulsion here has been imposed and in effect since May 2023.

In sum, Plaintiff may not like the Court's ruling. But the simple fact that he disagrees with the Court regarding his failure to establish irreparable harm is insufficient to justify a reconsideration. *Alternatives Unlimited-Special, Inc. v. Ohio Dept. of Educ.*, 10th Dist. Franklin No. 12AP-647, 2013-Ohio-3890, ¶ 68 (A party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, is not grounds for reconsideration.).

### III. The Court Should Reject Plaintiff's Invitation to Consolidate a Preliminary Injunction Hearing with a Trial on the Merits.

Plaintiff also improperly uses his motion for reconsideration to ask the Court to consolidate the hearing on the preliminary injunction with the trial on the merits, ostensibly in an effort to rush this case to judgment. There are several problems with Plaintiff's request.

First, Plaintiff is not entitled to a hearing on the motion for preliminary injunction, as explained fully above. Second, UC recently filed a motion to dismiss that may dispose of one or all of the claims at issue in this case. That motion, and any subsequent dispositive motions (e.g. summary judgment), must be considered before there is any trial in this case. Third, by suggesting that his request for preliminary relief can be combined with the trial on the merits, in effect, Plaintiff has now conceded that his request for preliminary relief is superfluous.

Finally, Plaintiff's proposed consolidation is a transparent tactic designed to encourage the Court to rush to judgment in hopes of obtaining a favorable decision before the related litigation in federal court can be resolved. In the federal case, UC has similarly filed a motion to dismiss Plaintiff's claims, and that motion remains pending as does Plaintiff's motion for preliminary injunction. If the Court is inclined to reconsider its decision on the motion for preliminary injunction here—and it should not—it certainly should not endorse Plaintiff's tactics and entertain the idea of combining any hearing on preliminary relief with a trial on the merits. This is especially so given the importance of the issues presented. As UC has pointed out in its motion to dismiss, Plaintiff invites the Court to issue declarations that, if issued in Plaintiff's favor, will have effects far beyond Plaintiff's case.

### CONCLUSION

UC respectfully requests that the Court deny Plaintiff's motion for reconsideration. In the event that the Court decides to reconsider its decision, UC requests the opportunity to file a

9

response in opposition to the motion for preliminary injunction prior to the Court taking any further action on the motion.

        Respectfully submitted,

        */s/ Jada M. Colon*
        Dominick S. Gerace (0082823)
        Jada M. Colon (0099048)
        Taft Stettinius & Hollister LLP
        425 Walnut Street, Suite 1800
        Cincinnati, Ohio 45202-3957
        Telephone: (513) 381-2838
        Fax: (513) 381-0205
        dgerace@taftlaw.com
        jcolon@taftlaw.com

        *Attorneys for Defendant University of Cincinnati*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 27th day of October, 2023, upon the following by email, pursuant to Civ.R. 5(B)(2)(f):

Joshua A. Engel
Jim L. Hardin
Engel and Martin, LLC
4660 Duke Drive, Suite 101
Mason, OH 45040
engel@engelandmartin.com
hardin@engelandmartin.com

*Attorneys for Plaintiff John Noakes*

          */s/ Jada M. Colon*