**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| John Noakes | : | |
| —————————————— | : | Case No. ___1:23-cv-00284-MRB___ |
| Plaintiff(s) | : | |
| | : | Judge Michael R. Barrett |
| v. | : | |
| University of Cincinnati, *et al*. | : | **JOINT DISCOVERY PLAN** |
| —————————————— | : | (RULE 26(f) REPORT) |
| | : | (REQUIRED FORM) |
| Defendant(s) | : | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial Procedure Order. The parties conducted their discovery conference on _various dates_.

**A.    MAGISTRATE CONSENT**

The Parties:

☐    unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☑    do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☐    unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

**B.** **RULE 26(a) DISCLOSURES**

☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

☑ The parties will exchange such disclosures by ___July 3, 2025___

☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

NOTE: Rule 26(a) disclosures are <u>not</u> to be filed with the Court.

**C.** **DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of
<u>Plaintiff's 42 U.S.C. 1983 claim, Title IX claim, and alleged damage</u>s, should any of those survive after the Court's review of any responsive <u>pleading submitted by Defendants.</u>

2. The parties recommend that discovery

   ☑ need not be bifurcated

   ☐ should be bifurcated between liability and damages

   ☐ should be bifurcated between factual and expert

   ☐ should be limited in some fashion or focused upon particular issues which relate to_____

3. Disclosure and report of Plaintiff(s) expert(s) by ___September 5, 2025___

4. Disclosure and report of Defendant(s) expert(s) by___October 17, 2025___

5. Disclosure and report of rebuttal expert(s) by ___November 14, 2025___

6. Disclosure of non-expert (fact) witnesses___December 12, 2025___

7. Discovery cutoff ___February 13, 2026___

8.    Anticipated discovery problems

Scope of discovery in Title IX cases as it pertains to investigations of other students and
☑ by the Department of Education

☐    None

9.    Describe the subjects on which discovery is to be sought and the nature,

extent and scope of discovery that each party needs to: (1) make a settlement evaluation,

(2) prepare for case dispositive motions, and (3) prepare for trial:

Plaintiff seeks discovery regarding prior students who were the subjects of formal or informal complaints or reports of
sexual misconduct from 2011 to 2023, including the content and result of prior Department of Education
investigations. Defendants object to the Plaintiff's proposed scope of discovery on the grounds that it is not permitted
by the Civil Rules or the Rules of Evidence.

10.    Discovery of Electronically Stored Information.   The parties have

discussed disclosure, discovery, and preservation of electronically stored information,

including the form or forms in which it should be produced.

____X____  Yes

_____  No

i. The parties have electronically stored information in the following formats:

Emails and PDFs
_____

_____

ii. The case presents the following issues relating to disclosure, discovery, or

preservation of electronically stored information, including the form or forms in

which it should be produced:

None
_____

_____

_____

11.     Claims of Privilege or Protection.   The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

_____X_____ Yes

_____ No

i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

None
_____

_____

_____

ii. Have the parties agreed on a procedure to assert such claims AFTER production?

_____ No

___X___ Yes

_____ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

*See* Protective Order (Doc No. 14) Section 7
_____

_____

_____

4

**D.**    <u>**LIMITATIONS ON DISCOVERY**</u>

      1.    Changes in the limitations on discovery

          ☐    Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

          ☐    Extension of number of depositions (currently 10) permitted to _____.

          ☐    Extension of number of interrogatories (currently 25) to _____.

              ☐    Other: _____.

          ☑    None

**E.**    <u>**PROTECTIVE ORDER**</u>

          ☑    A protective order will likely be submitted to the Court on or before _<u>*See* Doc No. 14</u>_.

          ☐    The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F. 3d 219 (6th Cir. 1996).

**F.**    <u>**SETTLEMENT**</u>

      A settlement demand __X__ has _____ has not been made.

      A response __X__ has _____ has not been made.

      A demand can be made by _____

      A response can be made by _____

**G.**    <u>**MOTION DEADLINES**</u>

    1.    Motion to amend the pleadings and/or add parties by <u>June 30, 2025</u>

    2.    Motions relative to the pleadings by <u>July 28, 2025</u>

    3.    Dispositive motions by <u>March 30, 2026</u>

**H.**    <u>**OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**</u>

UC will file its answer, motion, or responsive pleading to the Complaint by June 16, 2025.

Signatures:    */s/ Joshua Engel* (per auth. on 5/16/25)    */s/ Dominic S. Gerace*

               Attorney for Plaintiff(s)         Attorney for Defendant(s)

               Joshua A. Engel             Dominick S. Gerace

                                             Jada M. Colon

               Engel & Martin, LLC        Taft Stettinius & Hollister LLP

               4660 Duke Dr., Suite 101     425 Walnut Street, Suite 1800

               Mason, Ohio 45040          Cincinnati, Ohio 45202

6